UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-cv-110-HRW

LISA MCGUIRE,                                             PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed her current application for a disability insurance benefits and supplemental security income benefits on December 11, 2002, alleging disability beginning on November 16, 2002, due to seizures, headaches, leg pain, panic attacks, memory loss and a liver condition. This application was denied initially

1

and on reconsideration. On April 19, 2004, an administrative hearing was conducted by Administrative Law Judge Andrew Chwalibog (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 604-617), as did Plaintiff's mother, Juanita McGuire (Tr. 619-621). At the hearing, Anthony Michael, a vocational expert (hereinafter "VE"), also testified (Tr. 617-619, 621-623).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional

capacity and vocational factors, he is not disabled.

On October 8, 2004, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 15-23). Plaintiff was 42 years old at the time of the hearing decision (Tr. 16). She has a high school education (Tr. 16). Her past relevant work experience consists of work as a security guard and cashier (Tr. 16).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 22). The ALJ then determined, at Step 2, that Plaintiff suffered from a seizure disorder, cognitive disorder not otherwise specified and adjustment disorder with mixed depression and anxiety, which he found to be "severe" within the meaning of the Regulations (Tr. 22). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 22). In doing so, the ALJ specifically considered listings 11.00 and 12.00 (Tr. 17). The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 23) but determined that she has the following residual functional capacity ("RFC"):

> [T]o lift or carry twenty pounds occasionally and ten pounds frequently. She should avoid all exposure to unprotected heights and hazards. She can never climb ladders, ropes or scaffolds. The claimant is moderately limited in her ability to maintain attention and concentration for extended periods; complete a normal workday and workweek without interruption from psychologically based symptoms and to perform at a

> consistent pace without an unreasonable number and length of rest periods; and respond appropriately to changes in the work setting. She is able to maintain the mental effort to complete tasks, relate to others and handle routine changes.

(Tr. 22-23).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a significant range of light work, such as mail clerk, assembler and inspector (Tr. 22-23). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 22). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on June 3, 2005 (Tr. 6-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

### III.  ANALYSIS

**A.    Standard of Review**

4

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

    B.    **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ failed to find her deep vein thrombosis to be a "severe" impairment (2) the ALJ improperly rejected the opinion of one of her treating

physicians, Dr. William Short and (3) the hypothetical questioned presented to the VE did not include memory deficits attributable to status epliepticus.

    C.    **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ failed to find her deep vein thrombosis ("DVT") to be a "severe" impairment.

The ALJ specifically found that Plaintiff's DVT does not significantly limit her physical or mental ability to do basic work activities, as contemplated by 20 C.F.R. §§ 404.1520 and 416.920. The ALJ specifically found that although Plaintiff was diagnosed with DVT in November 2002 and again in December 2002, the record shows that it is controlled with anticoagulant therapy.

The Court is mindful of the fact that the Step 2 severity regulation, codified at 20 C.F.R. §§ 404.1520 and 404.1521, has been construed as a *de minimus* hurdle and that, in the majority of cases, "a claim for disability may not be dismissed without consideration of the claimant's vocational situation". *See Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). However, the severity requirement is still recognized as a device with which to screen "totally groundless" claims on the basis of the medical evidence alone. *Id.* at 863.

Plaintiff makes much of the fact that she remains on an anticoagulant regimen. However, taking preventative medication is not tantamount to ongoing

functional limitation. Plaintiff also refers to the June 27, 2003 questionnaire completed by her treating physician, Dr. William Short, wherein he opined that Plaintiff had certain functional limitations due to chronic DVT. However, as discussed below, this opinion is not supported by any clinical findings and thus, not deemed dispositive. The record shows that Plaintiff's DVT was successfully treated and that medication has been successful in preventing further recurrence of the condition. As such, it cannot be regarded as significantly limiting her physical or mental ability to do basic work activities.

The burden is upon the Plaintiff to prove the severity of her impairments. Given the lack of supporting medical evidence, Plaintiff has failed in this regard. The Court finds no error in the ALJ's determination that Plaintiff's DVT is not a "severe" impairment as defined by 20 C.F.R. §§ 404.1520 and 416.920.

Plaintiff's second claim of error is that the ALJ improperly rejected the opinion of one of her treating physicians, Dr. William Short. On June 27, 2003, Dr. Short completed a questionnaire entitled "What Claimant Can Still Do Despite Impairments" (Tr. 438-440). Although Dr. Short opined that Plaintiff could occasionally lift up to twenty pounds, occasionally carry eleven to twenty pounds and frequently carry up to ten pounds, he indicated she could only sit for a single hour in a workday and precluded all standing, walking or working. Although Dr.

Short does not use the term, in essence, he has deemed Plaintiff to be bedridden. He appears to attribute Plaintiff's extreme limitation to what he termed "chronic" DVT and memory loss. In support of his opinion, he cited, generally, to "KDMC medical records."

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive deference only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

As the ALJ noted in his decision, there are no objective findings in support of Dr. Short's pinion of extreme functional limitation (Tr. 20). As such, the ALJ gave Dr. Short's opinion "little weight" (Tr. 20). Further, the record shows that Dr. Short's contemporaneous treatment records include no functional limitation. Not only is Dr. Short's opinion unsupported by his own records, it is inconsistent with the other credible medical evidence of record. No other treating or examining physician curtailed Plaintiff's activity to such a degree.

Given the lack of supporting or corroborating medical data, the Court finds that the ALJ did not err in rejecting the opinion of Dr. Short.

Finally, Plaintiff contends that the ALJ erred by failing to include memory deficits attributable to status epliepticus in his hypothetical question to the VE. Plaintiff contends that the ALJ improperly disregarded her testimony regarding her memory loss.

Upon review of an ALJ's decision, this Court is to accord the ALJ's determinations of credibility great weight and deference as the ALJ has the opportunity of observing a witness' demeanor while testifying. *Walters v. Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997). Again, this Court's evaluation is limited to assessing whether the ALJ's conclusions are supported by substantial evidence on the whole record.

In this case, the ALJ found Plaintiff's credibility as a witness to be "fair" and her demeanor to be consistent with the limitations established in the FRC. As for the alleged memory problems, the ALJ found there to be a lack of objective testing in that regard. To the contrary, the ALJ referred to a March 2003 evaluation conducted by licensed clinical psychologist, Kirk Little, during which Plaintff was able to recall all test items upon recognition and only endorsed one incorrect item during the delayed recognition trial (Tr. 337).

Plaintiff argues that the ALJ ignored Mr. Little's finding that Plaintiff "may

9

have some problems with retention." However, Mr. Little went on to opine that "[h]er short term memory problems can be improved with cues as her encoding appear to be unimpaired" (Tr. 338-339). Given that Mr. Little appears to be unsure about the limitation, the Court finds that the ALJ was not required to accept it. Further, given that Mr. Little's examination was conducted a mere two months after her discharge from hospitalization and that he was very optimistic regarding her prognosis, the ALJ's RFC seems reasonable, if not generous.

The Court finds that there is no evidence that the Plaintiff has limitations beyond those included by the ALJ in his hypothetical to the VE (Tr. 621-622).

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This April 21, 2006.



Signed By:
Henry R Wilhoit Jr.
United States District Judge